## GREEN & MIDDLESWORTH *v.* PRETTYMAN.

IN this case—which was ejectment for fifteen acres of land—the Court instructed the jury that, "if they believed from the evidence that plaintiffs stood quietly by and saw and knew of defendant's purchase of the premises, his possession and improvements of the same, and that the defendant purchased the same in good faith and not in fraud of plaintiffs' rights, and that plaintiffs did not notify him of their claim, then they, the plaintiffs, are estopped from denying his rights :" *Held,* that the instruction, taken in connection with the facts, did not correctly state the doctrine of estoppel.

*Biddle Boggs* v. *Merced Mining Co.,* (14 Cal. 366) as to estoppel, affirmed.

APPEAL from the Fifth District.

Ejectment for fifteen acres of land. The complaint filed July, 1859, sets out the title of the plaintiffs. The answer amounts to a general denial with adverse possession for nine years. The facts are substantially these : The ground described in plaintiffs' complaint, and a portion of which is admitted to be in the possession of defendant, was located in 1849 by Green, one of the plaintiffs, and Joshua Holden, who died in the year 1854, the plaintiff Middlesworth claiming title by deed from the administrator of the estate of Holden, and also by prior possession, which commenced in 1851. The premises were inclosed and improved by Holden and Green, who raised grain and garden vegetables thereon. In 1851 and '52 their workmen lived upon the premises. The miners then entered the enclosure and dug up and mined a portion of the ground. There was some evidence tending to show that persons from whom defendant claims entered upon a portion of the premises in 1850 or 1852 ; that defendant entered in 1853 or 1854, and that plaintiff Middlesworth had on his house a notice forbidding all persons entering upon that portion of the premises enclosed with a brush fence.

The Court instructed the jury—" That if they believed from the evidence that plaintiffs stood quietly by, and saw and knew of defendant's purchase of the premises, his possession and improvements of the same, and that the defendant purchased and improved the same in good faith and not in fraud of plaintiffs' rights, and that the plaintiffs did not notify him of their claim ; then that they, the plaintiffs, are estopped from denying his rights." Plaintiffs excepted. Verdict for defendant, judgment accordingly and plaintiffs appeal.

*L. Quint*, for Appellants.

The charge of the Court was wrong, because—1st, there was no evidence to support it ; and 2d, it violates the law as laid down in *Biddle Boggs* v. *Merced Mining Co.* (14 Cal).

*E. F. Hunter*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The Court erred in giving the second instruction asked by the defendant. This instruction, taken in connection with the facts of the record, did not place the doctrine of equitable estoppel correctly before the jury. We have given the true rule in the case of *Biddle Boggs* v. *Merced Mining Co.*, (14 Cal. 366) and in other cases ; and a reference to those decisions will enable the Court on the next trial to instruct the jury rightly upon this subject.

The other points do not seem to be well taken, but the statement is so imperfect that we do not think it advisable to pass definitely upon them.

Judgment reversed and cause remanded.